UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SODEXO MANAGEMENT, INC.,<br><br>                            Plaintiff,<br>v.<br>OLD REPUBLIC INSURANCE COMPANY; and DOES 1-100, inclusive,<br>                           Defendants. | Case No.: 20-cv-1517-WQH-BGS<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Motion to Dismiss Complaint filed by Defendant Old Republic Insurance Company. (ECF No. 6).

## I. BACKGROUND

    On July 2, 2020, Plaintiff Sodexo Management, Inc. ("Sodexo") filed a Complaint against Defendants Old Republic Insurance Company ("Old Republic") and Does 1 through 100 in the Superior Court for the State of California, County of San Diego. (Ex. A to Notice of Removal, ECF No. 1-2 at 4). In the Complaint, Sodexo alleges that it entered into two contracts with Cargill Meat Solutions Corporation ("Cargill"), including a Master Supply Agreement. Sodexo alleges that pursuant to the Master Supply Agreement, Cargill was required to name Sodexo as an additional insured under its commercial general liability insurance policies. Sodexo alleges that Cargill is insured by Old Republic. Sodexo alleges

that it is entitled to coverage as an additional insured under one or more of the insurance policies issued to Cargill by Old Republic.

Sodexo alleges that Marines and Marine recruits filed ten actions against Sodexo in San Diego state and federal court "in connection with an illness allegedly caused by the ingestion of ground beef manufactured by Cargill and prepared by Sodexo in October 2017" (the "Underlying Actions"[1]). (*Id.* at 6 ¶ 10). Sodexo alleges that on December 12, 2019, it "tendered its request for a defense and indemnity of the Underlying Actions to Old Republic under the terms and conditions of the policies . . . ." (*Id.* at 7 ¶ 13).

Sodexo alleges that no adjuster from Old Republic contacted Sodexo or responded to its tender. Sodexo alleges that on January 29, 2020, Cargill's defense attorneys in the Underlying Actions informed Sodexo that Old Republic denied Sodexo's request for defense and indemnity. Sodexo alleges that it requested reconsideration, but "Old Republic continued to fail and refuse to provide a defense or indemnify Sodexo in the Underlying Actions." (*Id.* ¶ 16). Sodexo alleges that Old Republic has refused to participate in settlement negotiations in the Underlying Actions. Sodexo alleges that it has incurred attorneys' fees, costs, and expenses as a result of Old Republic's failure to defend and indemnify Sodexo in the Underlying Actions.

Sodexo brings claims against Defendants for 1) declaratory relief (duty to defend); 2) declaratory relief (duty to indemnify); 3) breach of contract (failure to defend); 4) breach of contract (failure to indemnify); and 5) breach of the duty of good faith and fair dealing.

---

[1] The ten Underlying Actions are: *Grano v. Sodexo Inc., et al.*, Case No. 3:18-cv-1818-TWR-BLM (S.D. Cal.); *Anderson v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1903-TWR-BLM (S.D. Cal.); *Baker v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1904-TWR-BLM (S.D. Cal.); *Browning v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1905-TWR-BLM (S.D. Cal.); *Evers v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1907-TWR-BLM (S.D. Cal.); *Lader v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1908-TWR-BLM (S.D. Cal.); *Miller v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1909-TWR-BLM (S.D. Cal.); *Abbott v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1917-TWR-BLM (S.D. Cal.); *Milholland, et al. v. Sodexo, Inc., et al.*, Case No. 37-2019-00049662-CU-PL-CTL (Cal. Super. Ct.); and *McNiven v. Sodexo, Inc., et al.*, Case No. 37-2019-00056337-CU-PL-CTL (Cal. Super. Ct.).

Sodexo seeks a declaration "that Old Republic and DOES 1-100 are each contractually and legally obligated to immediately, fully, and completely defend Sodexo under the terms of their respective policies in the Underlying Actions;" a declaration that Old Republic and DOES 1-100 are each contractually and legally obligated to indemnify Sodexo for any amounts paid in the settlement or judgment in the Underlying Actions;" compensatory and punitive damages in excess of $1,000,000; attorneys' fees, costs, and interest; and "such other and further relief as this Court deems just and proper." (*Id.* at 13).

On August 6, 2020, Old Republic removed the action to this Court based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1). On August 13, 2020, Old Republic filed a Motion to Dismiss Complaint. (ECF No. 6). Old Republic moves to dismiss the Complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure and for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On August 31, 2020, Sodexo filed an Opposition to the Motion to Dismiss Complaint. (ECF No. 16). On September 4, 2020, Old Republic filed a Reply. (ECF No. 18).

## II. PERSONAL JURISDICTION

Old Republic moves to dismiss the Complaint on the grounds that the Court lacks personal jurisdiction. Old Republic asserts that it is not subject to general jurisdiction in California because it is incorporated in Pennsylvania and has its principal place of business in Illinois. Old Republic asserts that it is not subject to specific jurisdiction in California. Old Republic contends that it lacks minimum contacts with California. Old Republic contends that Sodexo's claims do not arise out of contacts between Old Republic and California because the insurance policy was issued to Cargill in Minnesota. Old Republic contends that the Court's exercise of jurisdiction would be unreasonable because none of the parties are California residents, and Minnesota law applies to interpret the insurance contract.

Sodexo asserts that the Court has specific jurisdiction. Sodexo contends that Old Republic purposefully availed itself of the benefits of California by agreeing in the

insurance policy to defend and indemnify additional insureds who contract with Cargill, broadly defining the policy coverage territory to include the entire United States, and identifying additional insureds in the policy with California addresses. Sodexo contends that this action arises out of Old Republic's contacts with California because Old Republic failed to defend Sodexo against lawsuits in California. Sodexo contends that Old Republic's attorneys are already participating in the Underlying Actions in California, and California has an interest in regulating insurance coverage for California claims.

Under Rule 12(b)(2) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for "lack of personal jurisdiction." Fed. R. Civ. P. 12(b)(2). In opposing a defendant's Rule 12(b)(2) motion, "the plaintiff bears the burden of establishing that jurisdiction is proper." *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008). "Where, as here, the defendant's motion is based on written materials rather than an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss." *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (citing *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1127 (9th Cir. 2010), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017)). "The plaintiff cannot 'simply rest on the bare allegations of its complaint,' but uncontroverted allegations in the complaint must be taken as true." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)); *see Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995) ("[T]he plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." (citing *Data Disc., Inc. v. Sys. Tech. Assocs.*, 557 F.2d 1280, 1285 (9th Cir. 1977)). "[W]e may not assume the truth of allegations in a pleading which are contradicted by affidavit . . . but we resolve factual disputes in the plaintiff's favor." *Mavrix Photo*, 647 F.3d at 1223 (first alteration in original) (citations omitted); *see Boschetto*, 539 F.3d at 1015 ("Absent an evidentiary hearing, this court 'only inquire[s] into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of

personal jurisdiction.'" (alterations in original) (quoting *Caruth v. Int'l Psychoanalytical Ass'n*, 59 F.3d 126, 127-28 (9th Cir. 1995)).

"'Federal courts apply state law to determine the bounds of their jurisdiction over a party.'" *Axiom Foods*, 874 F.3d at 1067 (quoting *Williams v. Yamaha Motor Co.*, 851 F.3d 1015, 1020 (9th Cir. 2017)). "California authorizes its courts to exercise jurisdiction 'to the full extent that such exercise comports with due process.'" *Id.* (quoting *Williams*, 851 F.3d at 1020); *see* Cal. Civ. Proc. Code § 410.10 ("A court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this state or of the United States."). "Accordingly, 'the jurisdictional analyses under [California] state law and federal due process are the same.'" *Axiom Foods*, 874 F.3d at 1067 (alteration in original) (quoting *Mavrix Photo*, 647 F.3d at 1223).

Absent one of the traditional bases for personal jurisdiction—domicile, presence, or consent—due process requires that a defendant have "certain minimum contacts with [the forum state] such that maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). The extent to which a federal court can exercise personal jurisdiction absent presence, domicile, or consent depends on the nature and quality of the defendant's contacts with the state. "There are two forms of personal jurisdiction that a forum state may exercise over a nonresident defendant—general jurisdiction and specific jurisdiction." *Boschetto*, 539 F.3d at 1016.

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Axiom Foods*, 874 F.3d at 1068 (quoting *Walden v. Fiore*, 571 U.S. 277, 283-84 (2014)). For a court to exercise specific jurisdiction over a nonresident defendant,

> (1) the defendant must either "purposefully direct his activities" toward the forum or "purposefully avail[ ] himself of the privileges of conducting activities in the forum"; (2) "the claim must be one which arises out of or relates to the defendant's forum-related activities"; and (3) "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be

reasonable."

*Id.* (alteration in original) (quoting *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002)). "The plaintiff bears the burden of satisfying the first two prongs of the test." *Schwarzenegger*, 374 F.3d at 802. "If the plaintiff meets that burden, 'the burden then shifts to the defendant to present a compelling case that the exercise of jurisdiction would not be reasonable.'" *Axiom Foods*, 874 F.3d at 1068-69 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476-78 (1985)).

Suits sounding in contract are analyzed under the "purposeful availment" standard. *Schwarzenegger*, 374 F.3d at 802. The purposeful availment analysis "is the test for the fundamental determination of whether 'the defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.'" *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980)). "Purposeful availment analysis examines whether the defendant's contacts with the forum are attributable to his own actions or are solely the actions of the plaintiff." *Sinatra v. Nat'l Enquirer, Inc.*, 854 F.2d 1191, 1195 (9th Cir. 1988) (citations omitted). "The purposeful availment prong is satisfied when a defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Hirsch v. Blue Cross, Blue Shield of Kan. City*, 800 F.2d 1474, 1478 (9th Cir. 1986) (citing *Burger King*, 471 U.S. at 476-77). In other words, "[t]o have purposefully availed itself of the privilege of doing business in the forum, a defendant must have performed some type of affirmative conduct which allows or promotes the transaction of business within the forum state." *Boschetto*, 539 F.3d at 1016 (citation omitted).

In applying the purposeful availment standard, "we are guided by the Supreme Court's admonition that the formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Id.* at 1017 (citing *Burger King*, 471 U.S. at 478 ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum,

we believe the answer clearly is that it cannot.")); *see also Walden*, 571 U.S. at 284 (in a tort case, explaining that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts injury by demonstrating contacts between plaintiffs (or third parties) and the forum state."). In addition, "ordinarily use of the mails, telephone, or other [ ] communications simply do not qualify as purposeful activity invoking the benefits and protection of the [forum] state." *Roth v. Garcia Marquez*, 942 F.2d 617, 622 (9th Cir. 1991) (second alteration in original) (quoting *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985)). "'Prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing' are the factors to be considered." *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir. 1990) (quoting *Burger King*, 471 U.S. at 479).

In *Farmers Insurance Exchange v. Portage La Prairie Mutual Insurance Company*, 907 F.2d 911 (9th Cir. 1990) ("*Portage*"), Lisa Lorango injured Claudia Kraemer in a single-vehicle car accident in Montana. Lorango was driving a car owned by Canadian resident John Kraemer. The car was insured under a policy issued by Canadian insurance company Portage La Prairie Mutual Insurance Company ("Portage") to John Kraemer. The policy covered any person driving with the consent of the insured. Claudia Kraemer sued Lorango in Montana state court, and Portage refused to defend Lorango. Lorango's insurer, Farmers Insurance Exchange ("Farmers"), settled the case by paying the policy limits and sued Portage in federal district court for bad faith insurance and breach of contract. The district court dismissed the case for lack of personal jurisdiction. 907 F.2d at 912.

The Court of Appeals for the Ninth Circuit reversed the decision of the district court. The court of appeals determined that Portage purposefully availed itself of the benefits of the Montana forum because "[i]ts policy coverage extends into Montana and an insured event resulted in litigation there." *Id.* at 913. The court stated:

> [A]utomobile liability insurers contract to indemnify and defend the insured for claims that will foreseeably result in litigation in foreign states. *See Rossman* [*v. State Farm Mut. Auto. Ins. Co.*], 832 F.2d [282,] 286 [(4th Cir.

> 1987)][2]. Thus litigation requiring the presence of the insurer is not only foreseeable, but it was purposefully contracted for by the insurer. Moreover, unlike a product seller or distributor, an insurer has the contractual ability to control the territory into which its "product"—the indemnification and defense of claims—will travel.
>
> We agree with the Fourth Circuit in *Rossman*. Portage's territorial policy limit included Montana within its scope. Portage controlled its own amenability to suit. We therefore hold that Portage purposefully availed itself of the Montana forum when it contracted to indemnify and defend claims arising there.

*Id.* at 914.

In this case, Sodexo has provided evidence that Old Republic is licensed to conduct business in California and maintains offices in California.[3] (*See* Exs. 7, 8 to Long Decl., ECF No. 16-2 at 55, 57). The Old Republic policy at issue in this case was issued to Cargill in Minnesota from Old Republic in Wisconsin. (*See* Policy, Ex. K to Fitzgerald Decl., ECF No. 6-2 at 139-140). The policy includes as an insured "[a]ny person or organization with whom [Cargill] ha[s] agreed to include as an additional insured under a written contract,

---

[2] In *Rossman*, the driver of a car covered by Illinois liability insurance was involved in an accident in Virginia that resulted in the death of the driver of a second car. The surviving driver's policy with Consolidated Insurance Company ("Consolidated") provided coverage in "The United States of America, its territories or possessions[.]" 832 F.2d at 285. The family of the deceased driver filed suit in the federal district court in Virginia against various insurers for a determination of insurance coverage. Consolidated denied personal jurisdiction because it did no business in Virginia and had no agents there, the policy was sold in Illinois, and the insured car was principally garaged in Illinois. The Court of Appeals for the Fourth Circuit held that Consolidated had sufficient contacts with Virginia "such that [it] should reasonably anticipate being haled into court there." *Id.* at 286 (quoting *World-Wide Volkswagen*, 444 U.S. at 297). The court stated that "an automobile liability policy is typically sued upon where an accident takes place . . . . As an automobile liability insurer, Consolidated could anticipate the risk that its clients would travel in their automobiles to different states and become involved in accidents and litigation there." *Id.* (citation omitted). The court stated that had Consolidated wished to avoid suit in Virginia, "it could have excluded that state from the 'policy territory' defined in the policy." *Id.* at 287.

[3] In *King v. Am. Family Mut. Ins. Co.*, 632 F.3d 570 (9th Cir. 2011), the Court of Appeals for the Ninth Circuit concluded that although a car accident took place in Montana under a policy that provided nationwide coverage, Montana's long arm statute did not permit exercise of personal jurisdiction over an insurer in a breach of contract dispute that "has no offices or agents in Montana, does not advertise [t]here, and is not authorized to conduct business in Montana as a foreign insurer." 632 F.3d at 580 (citation omitted).

provided such contract was executed prior to the date of loss," for liability for bodily injury "caused, in whole or in part, by [Cargill's] acts or omissions or the acts or omissions of those acting on [Cargill's] behalf in the performance of [Cargill's] ongoing operations . . . ." (*Id.* at 157). The policy provides that Old Republic will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies" and will "defend the insured against any 'suit' seeking those damages" where the injury occurred "in the 'coverage territory.'" (*Id.* at 141). The policy defines the "Coverage territory" as "The United States of America (including its territories and possessions), Puerto Rico and Canada." (*Id.* at 153).

Sodexo alleges in the Complaint that under its contract with Cargill, Cargill agreed to include Sodexo as an additional insured under the policy. The plaintiffs in the Underlying Actions sued Sodexo and Cargill in California federal and state court for personal injuries arising from the ingestion of ground beef manufactured by Cargill and prepared by Sodexo in California. The Old Republic policy contemplates that claims against Cargill or against additional insureds who contract with Cargill may accrue in California. Old Republic had the contractual ability to control the territory for which it would indemnify or defend claims and explicitly chose to include California within its scope. *See Portage*, 907 F.2d at 914. Based on the allegations in the Complaint and the jurisdictional evidence presented by the parties, the Court concludes that Sodexo has made a prima facie showing that Old Republic purposefully availed itself of the forum state.

"Under the second prong of our personal jurisdiction analysis, the plaintiff's claim must be one which arises out of or relates to the defendant's forum-related activities." *Menken v. Emm*, 503 F.3d 1050, 1058 (9th Cir. 2007), *as amended* (Sept. 20, 2007); *Bristol-Myers Squibb Co. v. Superior Court*, 137 S. Ct. 1773, 1780 (2017). "In determining whether [the plaintiff]'s claims arise out of [the defendant]'s forum related conduct, 'the Ninth Circuit follows a but for test.'" *Id.* (quoting *Myers v. Bennett Law Offices*, 238 F.3d 1068, 1075 (9th Cir. 2001)). "[The plaintiff] must show that he would not have suffered an injury 'but for' [the defendant]'s forum-related conduct." *Id.*; *see Ballard*, 65 F.3d at 1500

("[B]ut for Royal's contacts with the United States and California, would Ballard's claims against the Bank have arisen?"); *Portage*, 907 F.2d at 914-15 ("But for Portage's alleged breach of promise to defend its insured for injuries caused in Montana, this suit would not have arisen. The second prong is satisfied."). In this case, but for Old Republic's alleged breach of its promise to defend and indemnify its insureds and additional insureds who contract with its insureds for bodily injury occurring in California, this suit would not have arisen. The Court concludes that Sodexo has made a prima facie showing that this suit arises out of Old Republic's contacts with the forum state.

"The final requirement for specific jurisdiction . . . is reasonableness. For jurisdiction to be reasonable, it must comport with fair play and substantial justice." *Bancroft & Masters*, 223 F.3d at 1088. The defendant bears the burden to demonstrate unreasonableness and must "present a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King*, 471 U.S. at 477. In determining whether the exercise of jurisdiction would be reasonable, the court balances:

> 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum.

*Roth*, 942 F.2d at 623 (citations omitted).

In this case, Old Republic voluntarily provided insurance coverage for personal injury occurring throughout the United States. Old Republic should have reasonably anticipated being haled into court in any forum within the coverage territory, including California. The burden on Old Republic is low, because its attorneys are already litigating the Underlying Actions in California. Although Old Republic asserts that Minnesota law, rather than California law applies to this action, it acknowledges that "there is no real discernable conflict between the law of California and Minnesota . . . ." (ECF No. 18 at 5). The Court concludes that Old Republic has not presented a compelling case that the Court's

exercise of jurisdiction would be unreasonable or unfair. *See Ballard*, 65 F.3d at 1502 (describing the "heavy burden of presenting a 'compelling case' against jurisdiction"). The Court concludes that Sodexo has made a prima facie showing that the Court has personal jurisdiction over Old Republic. The Motion to Dismiss Complaint for lack of personal jurisdiction is denied.

### III.   FAILURE TO STATE A CLAIM

Old Republic moves to dismiss the Complaint on the grounds that Sodexo fails to state a claim upon which relief can be granted.

Rule 12(b)(6) of the Federal Rules of Civil Procedure permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In order to state a claim for relief, a pleading "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) "is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citation omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). However, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (alteration in original) (quoting Fed. R. Civ. P. 8(a)). A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a

claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

### a. <u>Judicial Notice</u>

Old Republic and Sodexo request that the Court take judicial notice of certain filings in the Underlying Actions. (Requests for Judicial Notice, ECF No. 6-4, 16-3). It is appropriate for a court to take judicial notice of court filings and other matters of public record, such as pleadings in related litigation. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006). The Court takes judicial notice of all of the filings in the ten Underlying Actions.

### b. <u>Choice of Law</u>

Old Republic asserts that the Court should apply Minnesota law to interpret the insurance policy. Old Republic contends that because the policy contains no choice of law provision and does not indicate a place of performance, the Court should apply the law of the place where the contract was made.

Sodexo asserts that the Court should apply California law. Sodexo contends that the place of performance is the place of the insured risk: in this case, California. Sodexo contends that Old Republic fails to meet its burden to identify a material conflict between California and Minnesota law.

"Federal courts sitting in diversity must apply 'the forum state's choice of law rules to determine the controlling substantive law.'" *Fields v. Legacy Health Sys.*, 413 F.3d 943, 950 (9th Cir. 2005) (quoting *Patton v. Cox*, 276 F.3d 493, 495 (9th Cir. 2002)). The foreign law proponent has the burden to show that foreign law, rather than California law, should apply to the plaintiff's claims. *See Espinoza v. Ahearn (In re Hyundai v. Kia Fuel Econ. Litig.)*, 926 F.3d 539, 561 (9th Cir. 2019) (en banc), *as amended* (June 12, 2019). To meet their burden, the foreign law proponent must satisfy California's three-step "governmental interest" test. *Id.* (citing *Wash. Mut. Bank v. Superior Court*, 24 Cal. 4th 906, 919-20 (Cal. 2001).

> Under the first step of the governmental interest approach, the foreign law proponent must identify the applicable rule of law in each potentially concerned state and must show it materially differs from the law of California . . . . If . . . the trial court finds the laws are materially different, it must proceed to the second step and determine what interest, if any, each state has in having its own law applied to the case . . . . Only if the trial court determines that the laws are materially different and that each state has an interest in having its own law applied, thus reflecting an actual conflict, must the court take the final step and select the law of the state whose interests would be "more impaired" if its law were not applied.

*Wash. Mut. Bank*, 24 Cal. 4th at 919-20 (citations omitted). The preference is to apply California law, rather than choose the foreign law. *See Strassberg v. New England Mut. Life Ins. Co.*, 575 F.2d 1262, 1264 (9th Cir. 1978).

In this case, Old Republic acknowledges that "there is no real discernable conflict between the law of California and Minnesota with regard to the insurance issues presented in the Motion [to Dismiss]." (ECF No. 18 at 6). Old Republic fails to show that the law of Minnesota "materially differs from the law of California . . . ." *Wash. Mut. Bank*, 24 Cal. 4th at 919. Old Republic has not met its burden to show that the Court should apply Minnesota law. The Court applies California law to interpret the insurance policy.

### c. Duty to Defend

Sodexo brings claims against Old Republic for breach of contract (failure to defend) and for declaratory relief (duty to defend). Old Republic contends that it has no duty to defend Sodexo in the Underlying Actions in state or federal court. Old Republic contends that the plaintiffs in the Underlying Actions in California state court do not allege that any act or omission by Cargill caused their injuries, so Sodexo does not qualify as an additional insured under the policy. Old Republic contends that it has no duty to defend Sodexo in the Underlying Actions in federal court because there is a conflict of interest between Cargill and Sodexo as an indemnitee of Cargill, eliminating Old Republic's obligation to defend Sodexo under the Supplementary Payments Provision of the policy.

Sodexo contends that the Motion to Dismiss is an improper motion for summary judgment. Sodexo contends that it is an additional insured under the terms of the policy. Sodexo contends that the Supplementary Payments Provision does not discharge Old Republic's duty to defend Sodexo as an additional insured under the terms of the policy. Sodexo contends that there is a possibility of a potential for coverage of the Underlying Actions, so Old Republic has a duty to defend.

Under California law, the elements of a cause of action for breach of contract are: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall St. Network, Ltd. v. N.Y. Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (citation omitted). Federal courts apply state law to interpret an insurance policy. *See Travelers Prop. Cas. Co. of Am. v. ConocoPhillips Co.*, 546 F.3d 1142, 1145 (9th Cir. 2008) (citing *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008)). "The ordinary rules of contract interpretation apply equally to contracts of insurance." *Am. Alternative Ins. Corp. v. Superior Court*, 135 Cal. App. 4th 1239, 1245 (2006) (citing *Palmer v. Truck Ins. Exch.*, 21 Cal. 4th 1109, 1115 (1999)). Courts "read a contract as a whole in order to 'give effect to every part, if reasonably practicable, each clause helping to interpret the other.'" *Van Ness v. Blue Cross of Cal.*, 87 Cal. App. 4th 364, 372 (quoting Cal. Civ. Code § 1641). "Where contract language is clear and explicit and does not lead to an absurd result, [the court] ascertain[s] [the parties'] intent from the written provisions and go[es] no further." *Id.* (citing Cal. Civ. Code §§ 1638, 1639; *AIU Ins. Co. v. Superior Court*, 51 Cal. 3d 807, 822 (1990)); *see Bank of the W. v. Superior Court*, 2 Cal. 4th 1254, 1264 (1992) (if a policy's language is "clear and explicit, it governs"). "[I]nsurance coverage is interpreted broadly so as to afford the greatest possible protection to the insured . . . ." *MacKinnon v. Truck Ins. Exch.*, 31 Cal. 4th 635, 648 (2003) (citation omitted), *as modified on denial of reh'g* (Sept. 17, 2003).

Where an insurance contract imposes a duty to defend on an insurer, the insurer "owes a broad duty to defend its insured against claims that create a potential for indemnity." *Montrose Chem. Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) (citations

omitted). "[T]he duty to defend is so broad that it only requires 'a bare potential or possibility of coverage as the trigger of a defense duty.'" *Nat'l Union Fire Ins. Co. v. Seagate Techs., Inc.*, 466 F. App'x 653, 655 (9th Cir. 2012) (quoting *Montrose*, 6 Cal. 4th at 300). However, the duty to defend does not arise "if the third party complaint can by no conceivable theory raise a single issue which could bring it within the policy coverage." *La Jolla Beach & Tennis Club, Inc. v. Indus. Indem. Co.*, 9 Cal. 4th 27, 39 (1994) (citations omitted).

"[T]he existence of a duty to defend turns . . . upon those facts known by the insurer at the inception of a third party lawsuit." *Montrose*, 6 Cal. 4th at 295 (citation omitted). The court "compar[es] the allegations of the third party complaint with the terms of the policy." *El-Com Hardware, Inc. v. Fireman's Fund Ins. Co.*, 92 Cal. App. 4th 205, 212 (2001). The proper focus is on the facts alleged, rather than the theories for recovery. *See Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276 (1966) (en banc). "[T]he duty to defend arises when the facts alleged in the underlying complaint give rise to a potentially covered claim regardless of the technical legal cause of action pleaded by the third party." *Barnett v. Fireman's Fund Ins. Co.*, 90 Cal. App. 4th 500, 510 (2001) (citation omitted).

In this case, Sodexo alleges that it is an additional insured under the insurance policy issued to Cargill by Old Republic. The policy states that Old Republic will "pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury' or 'property damage' to which this insurance applies. [Old Republic] will have the right and duty to defend the insured against any 'suit' seeking those damages." (Policy, ECF No. 6-2 at 141[4]). Bodily injury is "bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time." (*Id.* at 153). The insured includes

---

[4] Under the "incorporation by reference" doctrine, the court on a motion to dismiss may consider "documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (alteration in original) (quoting *In re Silicon Graphic Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 2002)).

Cargill and "[a]ny person or organization with whom [Cargill] ha[s] agreed to include as an additional insured under a written contract, provided such contract was executed prior to the date of loss," for liability for bodily injury "caused, in whole or in part, by [Cargill's] acts or omissions or the acts or omissions of those acting on [Cargill's] behalf in the performance of [Cargill's] ongoing operations . . . ." (*Id.* at 157). The Supplementary Payments Provision of the policy further provides criteria for Old Republic's defense of an "indemnitee of the insured," including that "no conflict appears to exist between the interests of the insured and the interests of the indemnitee." (*Id.* at 149).

In the Complaint, Sodexo alleges that it entered into contract with Cargill that required Cargill to include Sodexo as an additional insured under its Old Republic insurance policy. Sodexo alleges that Marines and Marine recruits filed ten actions against Sodexo in San Diego state and federal court "in connection with an illness allegedly caused by the ingestion of ground beef manufactured by Cargill and prepared by Sodexo in October 2017." (Ex. A to Notice of Removal, ECF No. 1-2 at 6 ¶ 10). The Underlying Actions in federal court name both Sodexo and Cargill as defendants and allege that the Marines became sick from ingesting ground beef that was contaminated with e-coli during Cargill's manufacture or production of the ground beef and served by Sodexo without reaching the required internal temperature. Sodexo and Cargill seek indemnification from each other. The Underlying Actions in California state court do not name Cargill as a defendant, but they allege that the Marines became sick from ingesting ground beef that was contaminated with e-coli and served without reaching the required internal temperature and are based on the same facts as the Underlying Actions in federal court. Sodexo alleges that it tendered the defense of the Underlying Actions to Old Republic, and Old Republic refused to provide a defense.

The Court concludes that the Old Republic policy, the complaints in the Underlying Actions, and Sodexo's factual allegations support an inference that the plaintiffs in the Underlying Actions alleged damages for bodily injury against Sodexo caused in whole or in part by Cargill and support an inference that there is a possibility that Sodexo is covered

as an additional insured under the policy. The Old Republic policy, the complaints in the Underlying Actions, and Sodexo's factual allegations support an inference that there is a possibility of coverage triggering Old Republic's duty to defend Sodexo in the Underlying Actions, and Old Republic breached the duty to defend. The Motion to Dismiss the claims for breach of contract (failure to defend) and for declaratory relief (duty to defend) is denied.

### d. **Duty to Indemnify**

Sodexo brings claims against Old Republic for breach of contract (failure to indemnify) and for declaratory relief (duty to indemnify). Old Republic contends that it has no duty to indemnify Sodexo in the Underlying Actions because the Underlying Actions are still being litigated, and no liability against Sodexo has been established.

Sodexo contends that it sufficiently states claims related to the duty to indemnify. Sodexo contends that "[w]hile the amount of indemnity remains unknown, due to the ongoing nature of the Underlying Actions, Old Republic's actions are nothing short of bad faith." (ECF No. 16 at 20).

"Although correlative, the duty to indemnify and the duty to defend are not 'coterminous.' They differ in their triggering: Whereas the duty to indemnify can arise only after damages are fixed in their amount the duty to defend may arise as soon as damages are sought in some amount." *Certain Underwriters at Lloyd's of London v. Superior Court*, 24 Cal. 4th 945, 958 (2001) (citations omitted). "[A]n insured . . . has a duty to indemnify only where a judgment has been entered" against the insured "on a theory which is actually (not potentially) covered by the policy." *Collin v. Am. Empire Ins. Co.*, 21 Cal. App. 4th 787, 803 (1994) (citations omitted). "[T]he question whether an insurer has a duty to indemnify the insured on a particular claim is ripe for consideration only if the insured has already incurred liability in the underlying action." *Armstrong World Indus., Inc. v. Aetna Cas. & Sur. Co.*, 45 Cal. App. 4th 1, 108 (1996).

In this case, Sodexo does not allege that any judgment has been entered against it in any of the Underlying Actions. The Underlying Actions are ongoing, and the dockets do

not reflect that Sodexo has incurred liability. Accordingly, Sodexo fails to allege facts sufficient to support an inference that Old Republic has a duty to indemnify Sodexo in the Underlying Actions. The claims for breach of contract (failure to indemnify) and for declaratory relief (duty to indemnify) are premature. The Motion to Dismiss the claims for breach of contract (failure to indemnify) and for declaratory relief (duty to indemnify) is granted.

### e. **Good Faith and Fair Dealing**

Sodexo brings a claim against Old Republic for breach of the implied covenant of good faith and fair dealing. Old Republic contends that there has been no breach of contract by Old Republic, so there is no breach of the duty of good faith and fair dealing. Sodexo contends that Old Republic's actions constitute bad faith.

"It has long been settled that an implied covenant of good faith and fair dealing exists in every insurance contract that neither party will do anything to injure the right of the other to receive benefits under the agreement." *Schwartz v. State Farm Fire & Cas. Co.*, 88 Cal. App. 4th 1329, 1336 (2001) (citing *Comunale v. Traders & Gen. Ins. Co.*, 50 Cal. 2d 654, 658 (1958)), *as modified on denial of reh'g* (June 5, 2001). "An insurer owes the duty of good faith and fair dealing to each of its insureds, and cannot favor the interests of one insured over the other." *Lehto v. Allstate Ins. Co.*, 31 Cal. App. 4th 60, 72 (1994) (citing *Strauss v. Farmers Ins. Exch.*, 26 Cal. App. 4th 1017, 1021 (1994)), *as modified* (Jan. 13, 1994). "[T]he insurer 'must give at least as much consideration to the [insured's] interests as it does to its own.'" *Schwartz*, 88 Cal. App. 4th at 1336 (second alteration in original) (quoting *Egan v. Mut. of Omaha Ins. Co.*, 24 Cal. 3d 809, 818 (1979)). To establish a claim for breach of the implied covenant of good faith and fair dealing, "(1) benefits due under the policy must have been withheld; and (2) the reason for withholding benefits must have been unreasonable or without proper cause." *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1151 (1990).

In this case, the Court has determined that Sodexo sufficiently states a claim for breach of the duty to defend. Sodexo alleges that Old Republic deliberately and

unreasonably breached the duty of good faith and fair dealing including by failing to conduct a reasonable investigation into Sodexo's request for a defense in the Underlying Actions, failing to timely respond to Sodexo's tender, and refusing to provide a defense to Soxedo in the Underlying Actions. The Court concludes that Sodexo sufficiently states a claim for breach of the implied covenant of good faith and fair dealing. The Motion to Dismiss the claim for breach of the implied covenant of good faith and fair dealing is denied.

## IV. CONCLUSION

IT IS HEREBY ORDERED that the Motion to Dismiss Complaint filed by Defendant Old Republic Insurance Company (ECF No. 6) is granted in part and denied in part. The Motion to Dismiss is granted as to the claims for breach of contract (failure to indemnify) and for declaratory relief (duty to indemnify) and is otherwise denied.

Dated: January 25, 2021

Hon. William Q. Hayes
United States District Court