UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SODEXO MANAGEMENT, INC., <br> Plaintiff, <br> v. <br> OLD REPUBLIC INSURANCE COMPANY; and DOES 1-100, inclusive, <br> Defendants. | Case No.:  20-cv-1517-WQH-BGS <br><br> **ORDER** |
| OLD REPUBLIC INSURANCE COMPANY, <br> Counter Claimant, <br> v. <br> SODEXO MANAGEMENT, INC., <br> Counter Defendant. | |

HAYES, Judge:

   The matter before the Court is the Motion for Leave to File Third-Party Complaint filed by Defendant Old Republic Insurance Company. (ECF No. 47).

///

///

## I. BACKGROUND

On July 2, 2020, Plaintiff Sodexo Management, Inc. ("Sodexo") filed a Complaint against Defendants Old Republic Insurance Company ("Old Republic") and Does 1 through 100 in the San Diego Superior Court. (ECF No. 1-2). Sodexo alleges that pursuant to a contract with Cargill Meat Solutions Corporation ("Cargill"), Sodexo is an additional insured on an insurance policy issued to Cargill by Old Republic. Sodexo alleges that the insurance policy requires Old Republic to defend and indemnify Sodexo in ten actions against Sodexo filed "in connection with an illness allegedly caused by the ingestion of ground beef manufactured by Cargill and prepared by Sodexo in October 2017" (the "Underlying Actions"[1]). (*Id.* ¶ 10). Sodexo alleges that Old Republic denied Sodexo's requests for coverage, breaching the terms of the insurance policy. Sodexo brings the following claims: (1) declaratory relief (duty to defend); (2) declaratory relief (duty to indemnify); (3) breach of contract (failure to defend); (4) breach of contract (failure to indemnify); and (5) breach of the duty of good faith and fair dealing. Sodexo seeks declaratory relief, compensatory and punitive damages, and attorneys' fees and costs.

On August 6, 2020, Old Republic removed the action to this Court. (ECF No. 1). On August 13, 2020, Old Republic filed a Motion to Dismiss. (ECF No. 6). On January 26, 2021, the Court issued an Order dismissing the claims for breach of contract (failure to indemnify) and declaratory relief (duty to indemnify) as premature and otherwise denying the Motion to Dismiss. (ECF No. 21).

---

[1] The ten Underlying Actions are: *Grano v. Sodexo Inc., et al.*, Case No. 3:18-cv-1818-TWR-BLM (S.D. Cal. 2018); *Anderson v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1903-TWR-BLM (S.D. Cal. 2019); *Baker v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1904-TWR-BLM (S.D. Cal. 2019); *Browning v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1905-TWR-BLM (S.D. Cal. 2019); *Evers v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1907-TWR-BLM (S.D. Cal. 2019); *Lader v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1908-TWR-BLM (S.D. Cal. 2019); *Miller v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1909-TWR-BLM (S.D. Cal. 2019); *Abbott v. Sodexo Management, Inc., et al.*, Case No. 3:19-cv-1917-TWR-BLM (S.D. Cal. 2019); *Milholland, et al. v. Sodexo, Inc., et al.*, Case No. 37-2019-00049662-CU-PL-CTL (San Diego Super. Ct. 2019); and *McNiven v. Sodexo, Inc., et al.*, Case No. 37-2019-00056337-CU-PL-CTL (San Diego Super. Ct. 2019).

On March 25, 2021, Old Republic filed an Answer and Counterclaim against Sodexo. (ECF No. 28). Old Republic alleges that Sodexo is not an insured under the insurance policy issued to Cargill and that the terms of the policy preclude coverage. Old Republic brings one claim against Sodexo for declaratory judgment (duty to defend). Old Republic seeks a declaration "that Old Republic does not now and never had any obligation under the Cargill Policy to defend Sodexo in connection with the Underlying Actions." (*Id.* at 15). On April 15, 2021, Sodexo filed an Answer to the Counterclaim. (ECF No. 30).

On September 16, 2021, Old Republic filed a Motion for Leave to File Third-Party Complaint for declaratory relief against XL Insurance America, Inc. ("XLIA"). (ECF No. 47). Old Republic asserts that Sodexo was insured by XLIA, and XLIA has a duty to defend and/or indemnify Sodexo in the Underlying Actions. Old Republic contends that the Court should grant leave to file a third-party complaint because "XLIA would likely have responsibility instead of, or apportioned with, any coverage liability of Old Republic." (*Id.* at 7).

On October 8, 2021, Sodexo filed an Opposition to the Motion for Leave to File Third-Party Complaint. (ECF No. 51). Sodexo contends that contends that the Court should deny leave to file a third-party complaint because "Old Republic's proposed claims against XLIA are not based on any secondary or derivative liability of XLIA for Sodexo's claims," and "apportionment among insurers simply has no bearing whatsoever upon the obligations of the insurers to the insured." (*Id.* at 51).

On October 15, 2021, Old Republic filed a Reply. (ECF No. 52).

## II. LEGAL STANDARD

Rule 14 of the Federal Rules of Civil Procedure provides:

> A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer.

Fed. R. Civ. P. 14(a)(1). The purpose of Rule 14 is to "promote judicial efficiency by eliminating the necessity for the defendant to bring a separate action against a third individual who may be secondarily or derivatively liable to the defendant for all or part of the plaintiff's original claim." *Sw. Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769, 777 (9th Cir. 1986). "[A] third-party claim may be asserted only when the third-party's liability is in some way dependent on the outcome of the main claim and the third-party's liability is secondary or derivative." *United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 452 (9th Cir. 1983). "The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 200 (9th Cir. 1988). The district court has discretion in determining whether a defendant should be granted leave to file a third-party complaint. *See Sw. Adm'rs*, 791 F.2d at 777.

### III. RULING OF THE COURT

Old Republic seeks leave to file a third-party complaint against XLIA alleging a single claim for declaratory relief (duties to defend and indemnify). The proposed third-party complaint alleges that "[u]pon information and belief, Sodexo has a policy of liability insurance through XLIA that provides defense and indemnity coverage to Sodexo for the Underlying Actions ("Sodexo CGL Policy")." (ECF No. 47-1 at 8). The proposed third-party complaint alleges that "[u]pon information and belief, XLIA has paid, owes, or may owe Sodexo defense fees and indemnity payments under the [] Sodexo CGL Policy." (*Id.* at 9). The proposed third-party complaint alleges Old Republic has agreed to contribute to Sodexo's defense costs in the Underlying actions, subject to a reservation of rights. The proposed third-party complaint alleges that "[a]n actual controversy has arisen" between Old Republic and XLIA "in that Old Republic contends that XLIA is responsible for the payment of some or all of Sodexo's defense obligations [and indemnity payments] incurred in connection with the Underlying Actions." (*Id.* at 10). The proposed third-party complaint

alleges that "to the extent Old Republic is held liable to pay damages, or reimburse, or indemnify Sodexo, Old Republic is entitled to apportionment of those damages, in whole or in part, to XLIA, which is equally or more responsible for the alleged damage to Sodexo." (*Id.*). The proposed third-party complaint seeks: (1) "a declaration that XLIA must share with Old Republic in Sodexo's defense costs with equal shares, or, in the alternative, the Court should order an appropriate allocation for sharing of defense costs in the Underlying Actions;" (2) "a declaration that Old Republic is entitled to reimbursement for an equitable share of the amounts paid by Old Republic for the defense and indemnity of Sodexo in the Underlying Actions, and for judgment for that amount including interest;" and (3) "a declaration as to any other terms and conditions of the Cargill liability Policy, the Sodexo liability Policy, the Master Supply Agreement, and any other document or doctrine that affects XLIA's defense and indemnity obligations as to the Underlying Actions;" and (4) costs. (ECF No. 47-1 at 11).

"[I]t is the underlying cause of action . . . that is actually litigated in a declaratory judgment action." *Shell Gulf of Mex. Inc. v. Ctr. for Biological Diversity, Inc.*, 771 F.3d 632, 636 (9th Cir. 2014) (quoting *Collin Cty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 171 (5th Cir. 1990)). Declaratory relief is not a stand-alone claim. *See Team Enters., LLC v. W. Inv. Real Estate Trust*, 721 F. Supp. 2d 898, 911 (E.D. Cal. 2010) (declaratory relief is an "additional remedy to litigants," not an independent "theory of recovery"), *aff'd*, 446 F. App'x 23 (9th Cir. 2011). Old Republic's proposed third-party complaint does not adequately allege the factual or legal grounds for the declaratory relief that Old Republic seeks. *See id.* (the grounds for declaratory relief "must be created by the authority governing the asserted controversy between the parties"); *see also Fireman's Fund Ins. Co. v. Md. Cas. Co.*, 65 Cal. App. 4th 1279, 1293 (1998) ("[E]ach insurer has independent standing to assert a cause of action against its coinsurers for *equitable contribution* when it has undertaken the defense or indemnification of the common insured." (emphasis added)). The Court concludes that Old Republic has failed to demonstrate that leave to file a third-party complaint is warranted.

IT IS HEREBY ORDERED that Old Republic's Motion for Leave to File Third-Party Complaint (ECF No. 47) is denied.

Dated: November 1, 2021

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court