UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SODEXO MANAGEMENT, INC., <br> Plaintiff, <br> v. <br> OLD REPUBLIC INSURANCE COMPANY; and DOES 1-100, inclusive, <br> Defendants. | Case No.: 20-cv-1517-WQH-BGS <br><br> **ORDER** |
| OLD REPUBLIC INSURANCE COMPANY, <br> Counter Claimant, <br> v. <br> SODEXO MANAGEMENT, INC., <br> Counter Defendant. | |

HAYES, Judge:

  The matter before the Court is the Joint Motion to Stay Action, filed by both parties. (ECF No. 75).

//

//

## I. BACKGROUND

In this action, Plaintiff Sodexo Management, Inc. ("Sodexo") filed a Complaint against Defendant Old Republic Insurance Company ("Old Republic"). (ECF No. 1-2). Sodexo alleges that pursuant to a contract with Cargill Meat Solutions Corporation ("Cargill"), Sodexo is an additional insured on an insurance policy issued to Cargill by Old Republic. Sodexo alleges that the insurance policy requires Old Republic to defend and indemnify Sodexo in eight actions against Sodexo filed "in connection with an illness allegedly caused by the ingestion of ground beef manufactured by Cargill and prepared by Sodexo in October 2017" (the "Underlying Actions"[1]). (*Id.* ¶ 10). Sodexo alleges that Old Republic denied Sodexo's requests for coverage, breaching the terms of the insurance policy. Sodexo brings the following claims: (1) declaratory relief (duty to defend); (2) declaratory relief (duty to indemnify); (3) breach of contract (failure to defend); (4) breach of contract (failure to indemnify); and (5) breach of the duty of good faith and fair dealing. Sodexo seeks declaratory relief, compensatory and punitive damages, and attorneys' fees and costs.

On March 25, 2021, Old Republic filed an Answer and Counterclaim against Sodexo. (ECF No. 28). Old Republic alleges that Sodexo is not an insured under the insurance policy issued to Cargill and that the terms of the policy preclude coverage. Old Republic brings one claim against Sodexo for declaratory judgment (duty to defend). Old Republic seeks a declaration "that Old Republic does not now and never had any obligation

---

[1] As relevant to the pending motion, the eight Underlying Actions are: *Grano v. Sodexo Mgmt. Inc., et al.*, No. 3:18-cv-1818-LL-BLM (S.D. Cal. 2018); *Anderson v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1903-LL-BLM (S.D. Cal. 2019); *Baker v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1904-LL-BLM (S.D. Cal. 2019); *Browning v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1905-LL-BLM (S.D. Cal. 2019); *Evers v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1907-LL-BLM (S.D. Cal. 2019); *Lader v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1908-LL-BLM (S.D. Cal. 2019); *Miller v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1909-LL-BLM (S.D. Cal. 2019); *Abbott v. Sodexo Mgmt., Inc., et al.*, No. 3:19-cv-1917-LL-BLM (S.D. Cal. 2019).

under the Cargill Policy to defend Sodexo in connection with the Underlying Actions." (*Id.* at 15).

On March 4, 2022, the parties filed the Joint Motion to Stay Action. (ECF No. 75). The parties request that the Court stay this action pending resolution of the Underlying Actions or until such time as the parties jointly move to lift the stay.

## II.  DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "A trial court may ... find it efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *see also Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1225 (9th Cir. 1998) ("The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation." (citation omitted)). Under California law, "[t]o eliminate the risk of inconsistent factual determinations that could prejudice the insured, a stay of the declaratory relief action pending resolution of the third party suit is appropriate when the coverage question turns on facts to be litigated in the underlying action." *Montrose*, 6 Cal. 4th at 301-02 (citations omitted); *see also Admiral Ins. Co. v. Shah & Assocs., Inc.*, No. 13-CV-44-WQH-JMA, 2013 WL 3831331, at *7 (S.D. Cal. July 23, 2013) ("Federal courts in California have followed the *Montrose* rule." (citations omitted)).

The parties contend:

> [T]his Court should not make a determination as to coverage under the additional insured endorsement here, since doing so may very well require this Court to adjudicate critical and central factual issues that are concurrently being adjudicated in the Underlying Actions. This case must be stayed to avoid adjudicating the same issues multiple times, as well as to avoid potentially inconsistent rulings. It must also be stayed pursuant to *Montrose* given that Old Republic's defenses require it to take positions and develop

3

20-cv-1517-WQH-BGS

>evidence that is potentially harmful to the very entity for which it is providing a defense.

(ECF No. 75 at 10-11).

As identified by the parties, many of the underlying factual and legal issues in this case are the same as those at issue in the Underlying Actions. If possible, a "district court … should avoid duplicative litigation." *Dizol*, 133 F.3d at 1225 (citation omitted). Without a stay, there is a "risk of inconsistent factual determinations that could prejudice the insured." *Montrose*, 6 Cal. 4th at 301. The Court concludes that the relevant factors weigh in favor of staying this action pending resolution of the Underlying Actions.

### III.  CONCLUSION

IT IS HEREBY ORDERED that the Joint Motion to Stay Action (ECF No. 75) is granted. This action is stayed until further order of the Court. The Clerk of the Court shall administratively close this action. The pending Objection to the Magistrate Judge's Discovery Order (ECF No. 76) is denied without prejudice to refile after the stay is lifted. Either party may file a motion requesting the Court to lift the stay and reopen this action when the Underlying Actions are resolved or for other good cause. For so long as this action remains stayed, the parties shall file a status report as to the progress of the Underlying Actions no later than September 16, 2022, and every 180 days thereafter.

Dated:  March 15, 2022

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court